IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY BRATTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CASTILLO, et al.,<br><br>　　　　　Defendants. | No. 2:21-CV-0076-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Pending before the Court is Defendant Bobbala's motion to dismiss, ECF No. 27. Plaintiff has filed an opposition in response to Defendant's motion, ECF No. 29.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1

1  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10 complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15 Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16 defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17 to relief." Id. (quoting Twombly, 550 U.S. at 557).

18  In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19 outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21 documents whose contents are alleged in or attached to the complaint and whose authenticity no
22 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26 1994).
27 / / /
28 / / /

Furthermore, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

Finally, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## I. BACKGROUND

### A. Plaintiff's Allegations

This action proceeds on Plaintiff's original complaint.  Plaintiff names the following as defendants: (1) C. Castillo, a Correctional Officer at California State Prison – Sacramento (CSP-SAC); (2) E. Sanchez, a Correctional Officer at CSP-SAC; (3) G. Black, a Correctional Officer at CSP-SAC; (4) C. Rowland, a Psychiatric Technician at CSP-SAC; (4) C. Staggs-Boatwright (erroneously named in the complaint as Boatwright), a Psychiatric Technician at CSP-SAC; and (5) M. Bobbala, Chief Medical Officer at CSP-SAC. See ECF No. 1, pgs. 2-4. Plaintiff alleges the events outlined in the complaint took place at the California Substance Abuse Treatment Facility in Corcoran, California. See id. at 1.

Plaintiff alleges that Defendants Rowland and Staggs-Boatright refused or failed to provide medical aid after Plaintiff had informed them that he had been "vomiting blood" and "vomiting non-stop for several days." Id. at 5. Plaintiff contends that, as a result of the Defendants' actions, he suffered a diabetic coma, and was hospitalized at Mercy Hospital of Folsom on February 13, 2020, where he was diagnosed with diabetic ketoacidosis and other

medical complications.  Id. at 5; see ECF No. 29, pg. 5.  Plaintiff claims that his doctor prescribed him a "low carb, high protein diet".[1]  Id. at 6.  Plaintiff contends that Defendant Bobbala oversees all medical issues at CSP-SAC and denied him his diabetic meals.  Id. at 6.

Plaintiff's complaint lays out two claims for relief.  Id. at 5-6.  Plaintiff claims his diabetic ketoacidosis, which caused him to fall into a diabetic coma and to be hospitalized, was caused by Defendants' failure to provide or obtain medical aid or assistance, and was a violation of his rights under the Eighth Amendment and the ADA.  Id. at 5.  In his second claim for relief, Plaintiff alleges that Defendant Bobbala denied his request for diabetic meals as prescribed by his doctor, and thus, violated Plaintiff's Eighth Amendment rights.  Id. at 6.

### B. Procedural History

On June 3, 2021, the Court issued an order finding service of the complaint appropriate and directed e-service on all Defendants.  See ECF No. 13.  All Defendants provided notice of intent to waive service on July 8, 2022.  See ECF No. 17.  The wavier of service was executed, and then filed on August 9, 2022.  See ECF No. 18.

Defendants C. Rowland, G. Black, C. Staggs-Boatright, E. Sanchez, and C. Castillo filed their answer to Plaintiff's complaint on November 30, 2022.  See ECF No. 24.  Defendant M. Bobbala filed the instant motion to dismiss on December 5, 2022.

## II. DISCUSSION

In her motion to dismiss, Defendant Bobbala argues that each of Plaintiff's claims for relief against her fails to allege facts upon which relief can be granted.  ECF No. 27, pgs. 5-8.

### A. Failure to State a Claim Under the Eighth Amendment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

---

[1]    Hereinafter referred to as "diabetic meals."

(1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See

Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's claim has two components: Defendant's failure to provide him with diabetic meals, and the alleged harm suffered from Defendant's failure to provide or obtain medical aid when Plaintiff complained of illness.  See ECF No. 1, pgs. 5-6.

1. Diabetic Meals

Defendant's motion to dismiss makes several arguments to support the dismissal of Plaintiff's claim related to diabetic meals.  Specifically, Defendant's motion to dismiss states:

> Plaintiff's claims against Dr. Bobbala in relation to the plaintiff's "diabetic meals" are entirely based on Dr. Bobbala's supervisory role and are vague and conclusory. Plaintiff does not allege that Dr. Bobbala was personally involved in the provision of food to plaintiff and that she refused to provide food consistent with Plaintiff's medically prescribed diet. The entire cause of action is based solely on Dr. Bobbala's supervisory position: plaintiff alleges that she was a chief medical executive "who oversee all medical issues." (ECF No. 1, p. 6.) Thus, plaintiff has failed to state a plausible claim for deliberate indifference against Dr. Bobbala. See also, (Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); Woodward v. Kokor, No. 1:17-cv-00722-BAM (PC), 2017 U.S. Dist. LEXIS 91777, at *9 (E.D. Cal. June 13, 2017), ["to the extent Plaintiff seeks to bring suit against the Chief Medical Officer and the Chief Medical Executive … based on their roles as supervisors, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability."] citing to Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013).)
> Furthermore, "vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." (Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).) (see also Hydrick v. Hunter, 669 F.3d 937, 941 (9th Cir. 2012).) Thus the vague and conclusory allegation that Dr. Bobbala oversees all medical issues and denied plaintiff his diabetic meals does not plead

sufficient facts to state a cause of action for deliberate indifference. (See *Wilkes v. Nepomuceno*, No. CIV S-10-2706 DAD P, 2011 U.S. Dist. LEXIS 130611, at *10-11 (E.D. Cal. Nov. 9, 2011), [ finding that "vague and conclusory allegations" that that all defendants reported to the Chief Medical Officer defendant and thus he "'knew of my injury, [and] knew it was a serious injury that required prompt and adequate medical attention' but chose a conservative approach to treat plaintiff's injury" are insufficient to support a § 1983 action against the Chief Medical Officer defendant.]; *Wicklund v. Queen of the Valley Med. Ctr.*, No. 2: 10-cv 2161 KJN P, 2010 U.S. Dist. LEXIS 134253, at *7 (E.D. Cal. Dec. 8, 2010, ["Plaintiff's claim that defendant Traquina is liable for the allegedly inadequate medical care simply based on his position as the Chief Medical Officer is not colorable, as it is based on the theory of respondeat superior."])

    Moreover, to the extent plaintiff relies on any response by Dr. Bobbala to a health care grievance submitted by him, Plaintiff likewise fails to state a cognizable claim against Dr. Bobbala. Plaintiff cannot hold Dr. Bobbala liable based solely on a contention that the appeals process was deficient or he was denied a particular result. (*Allen v. Lopez*, No. 1:19-cv-00154-BAM (PC), 2019 U.S. Dist. LEXIS 59377, at *9 (E.D. Cal. Apr. 5, 2019), ["[t]the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient."] citing to *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).) Allegations concerning a medical officer's administrative actions in "reviewing and/or denying grievance do not typically state a claim of deliberate indifference. (See *Holt v. Finander* (C.D.Cal. Aug. 4, 2016, No. CV 15-5089-JVS (KLS)) 2016 U.S.Dist.LEXIS 144311, at *50; *Arellano v. Sedighi*, No. 15-cv-02059-AJB-BGS, 2018 U.S. Dist. LEXIS 32956, at *22 (S.D. Cal. Feb. 27, 2018, ["Plaintiff's allegations stem only from defendants [] administrative oversight of the grievance process; without more, such claims are not cognizable under section 1983."])

    Finally, Plaintiff has failed to plead any fact to plausibly state that Dr. Bobbala acted with the requisite culpable state of mind. (See *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). There are **no facts** alleged, rather than mere bald and conclusory statements, that Dr. Bobbala was subjectively aware of the existence of a substantial risk of serious harm to Plaintiff's health and that she disregarded that risk or that she had knowledge of and acquiesced in an unconstitutional conduct. (*See, e.g., Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

ECF No. 27, pgs. 7-8.

      i.    <u>Supervisory Liability</u>

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See <u>id.</u>  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on

knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

The Court disagrees that Plaintiff's claim is only based on Defendant's supervisory role. Plaintiff's claim states "Defendant Bobbala . . . denied me my diabetic meals, that where [sic] prescribe [sic] to help manage my diabetes." ECF No. 1, pg. 6. While Plaintiff's claim also includes his interpretation of Defendant's role at CSP-SAC, he specifically alleges Defendant's role in failing to provide Plaintiff diabetic meals and does not merely allege respondeat superior. Id. Since Defendant's claim is plausible on its face, the motion to dismiss should not be sustained on these grounds. See id.; Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ii.     Appeals Process

Furthermore, Plaintiff does not base his claim on the results of an appeals process nor the deficiency of said process. See ECF No. 1, pg. 6. Plaintiff's claim regards the denial of an allegedly prescribed diet by Defendant Bobbala, which, in light of Plaintiff's diabetes, may constitute deliberate indifference. Id.; see also Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

       iii.  Failure to State a Claim

However, the Court also finds that Plaintiff's claim related to diabetic meals fails to allege sufficient facts to show that Defendant's actions were taken "unnecessarily and wantonly for the purpose of inflicting harm." See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, Plaintiff's claim fails to allege facts sufficient to indicate Defendant's culpable state of mind. See id. On these grounds, the Court agrees that Defendant's motion to dismiss should be granted. The Court will, however, also recommend that Plaintiff be provided an opportunity to amend.

    2.  Vomiting

The Court agrees with Defendant that Plaintiff fails to state a claim against Defendant Bobbala arising from the failure to provide or obtain medical assistance for his vomiting, because Defendant Bobbala is not referenced in this part of Plaintiff's claim.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff fails to allege Defendant Bobbala's connection or link to Plaintiff's claim related to vomiting. See ECF No. 1, pg. 5. In fact, Defendant Bobbala is never mentioned with respect to this claim. As such, Plaintiff's claim related to vomiting, as against Defendant Bobbala, cannot be sustained. Because it is possible that Plaintiff may be able to allege facts showing Defendant Bobbala's participation with respect to this claim, the Court will recommend

9

that Plaintiff be provided an opportunity to amend.

### B. Failure to State a Claim Under the ADA

Defendant argues that Plaintiff fails to state a claim for relief under the ADA. The Court agrees.

The general rule of the ADA holds that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C § 12182. The Supreme Court has held that the ADA applies to prisoners in state correctional facilities. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998). The statute defines "disability," in pertinent part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A). Diabetes is a "physical impairment" because it affects the digestive, hemic, and endocrine systems, and eating is a "major life activity." Rohr v. Salt River Project Agric. Imp. & Power Dist., 555 F.3d 850, 858 (9th Cir. 2009) (quoting Fraser v. Goodale, 342 F.3d 1032, 1038–40 (9th Cir.2003).

Here, Plaintiff has not pleaded any facts to demonstrate Defendant Bobbala violated the ADA. The gravamen of Plaintiff's complaint is the assertion that defendants were deliberately indifferent to his vomiting and diabetic meal needs, in violation of the Eighth Amendment. Plaintiff references the ADA in the caption of his first claim for relief. ( See ECF No. 1, pg. 5), but does not allege anywhere in the complaint that he was treated differently or not provided an accommodation because he is disabled. To the extent Plaintiff asserts a claim under the ADA, such claim should be dismissed with prejudice.

///
///
///
///
///
///

/ / /

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendant Bobbala's motion to dismiss, ECF No. 27, be GRANTED.

2. To the extent Plaintiff intends a claim under the ADA, such claim be dismissed with prejudice for failure to state a claim.

3. This action proceed solely on Plaintiff's Eighth Amendment claims.

4. Plaintiff be provided an opportunity to amend to state claims against Defendant Bobbala or proceed on the original complaint as against the answering defendants (Black, Rowland, Staggs-Boaright, Sanchez, and Castillo) only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 12, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE